UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVEN GILLIARD,

                Petitioner,                Case No. 1:17-cv-65

v.                                              Honorable Paul L. Maloney

BONITA J. HOFFNER,

                Respondent.
_____/

## **OPINION**

        This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254.  Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243.  If so, the petition must be summarily dismissed.  Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face).  A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false.  *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999).  After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because it fails to raise a meritorious federal claim.

**Factual Allegations**

Petitioner Steven Gilliard is presently incarcerated with the Michigan Department of Corrections at the Lakeland Correctional Facility in Coldwater, Michigan. Petitioner pleaded *nolo contendere* in the Calhoun County Circuit Court to one count each of first-degree home invasion, MICH. COMP. LAWS § 750.110a(2); assault with intent to do great bodily harm less than murder, MICH. COMP. LAWS § 750.84; and second-degree arson, MICH. COMP. LAWS § 750.73. On October 11, 2007, he was sentenced, as a fourth felony offender, MICH. COMP. LAWS § 769.12, to a prison term of 26 years, 8 months to 50 years on the home-invasion charge, consecutive to concurrent sentences of 12 years, 6 months to 40 years on the assault and arson charges.[1] Because of Petitioner's plea, the prosecutor dismissed a capital offense charge: assault with intent to commit murder.

Once the circuit court had sentenced Petitioner, his case took a circuitous and tortuous procedural path, traveling three separate times from the circuit court through the Michigan Court of Appeals to the Michigan Supreme Court. Petitioner was forced into pursuing three separate appeals by the choices of his first and second appointed appellate counsel. Petitioner's first appointed appellate counsel was permitted to withdraw. By the time his second appellate counsel was appointed, it was too late to pursue a "direct review" application for leave to appeal, so counsel instead filed a motion for relief from judgment pursuant to Rule 6.500 in the trial court. The trial

---

[1] Petitioner was apparently on parole for the offense of maliciously destroying fire or police department property at the time he committed the offenses referenced in his petition. See http://mdocweb.state.mi.us/otis2/otis2profile.aspx?mdocNumber=447265. Thus, he was also required to serve the balance of his sentence of 2 to 8 years for that offense. This Court takes judicial notice of the information provided by a search of the MDOC OTIS website with regard to Petitioner. *See, i.e. Carpenter v. Mich. Dep't of Corr. Time Computation Unit*, No. 1:13-cv-313, 2013 WL 1947249 *1 n.1 (W.D. Mich. May 9, 2013); *Ward v. Wolfenbarger*, 323 F.Supp.2d 818, 821–22 n. 3 (E.D.Mich. 2004).

court denied relief and Petitioner then pursued his appeals through applications for leave in the Michigan Court of Appeals and the Michigan Supreme Court. Both courts denied leave.

Dissatisfied that the issue he raised had been considered under the standard applicable to Rule 6.500 motions instead of the standard for direct review, Petitioner sought the appointment of appellate counsel for direct review of his claims. The trial court denied his motion. (Pet. Ex. D, ECF No. 1-1, PageID.29.) The court of appeals refused to grant leave to appeal that issue. (*Id.*, PageID.30.) In lieu of granting leave to appeal, based upon *Halbert v. Michigan*, 545 U.S. 605 (2005), the Michigan Supreme Court remanded to the trial court for appointment of appellate counsel and authorized counsel to raise any issue, including issues that had been previously raised, as if on direct review. (Pet. Ex. E, ECF No. 1-1, PageID.32.)

Newly appointed counsel chose to start again in the trial court, filing a motion to vacate Petitioner's plea. The trial court considered the issue as if it were raised for the first time. (Pet. Ex. F, ECF No. 1-1, PageID.34-36.) The trial court denied relief initially and upon reconsideration. (*Id.*; Pet. Ex. G, ECF No. 1-1, PageID.38.) The court of appeals denied leave to appeal. The supreme court also denied leave to appeal, initially and upon reconsideration. On September 6, 2016, Petitioner's case completed its journey through the state courts. On January 17, 2017, Petitioner filed the instant petition.[2]

The events which led to Petitioner's convictions occurred on December 26, 2006. In Petitioner's supporting brief, he describes those events as follows:

---

[2]Although the passage of nine years between Petitioner's conviction and his petition might appear to implicate the one-year habeas statute of limitations, 28 U.S.C. § 2244(d)(1), the most recently completed round of state court appeals, plus the ninety-day period in which Petitioner could have sought review in the United States Supreme Court, *see Lawrence v. Florida*, 549 U.S. 327, 332-33 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000), can be accurately characterized as the "conclusion of direct review[.]" 28 U.S.C. § 2244(d)(1)(A). Accordingly, Petitioner filed his petition with almost 11 months remaining in the period of limitation.

> Rannetta Dilling testified that [Petitioner] is the father of her three children and that she and [Petitioner] were together for about 10 years (Preliminary Examination Transcript April 6, 2007 [PEI], p 7). On December 26, 2006, she was residing at 1037 W. Michigan in Battle Creek with her children, ages 18, 17, 13, 12. and 9. *Id*, 8. She fell asleep on the couch in the living room. She was awakened by [Petitioner] as he had his hands around her neck. *Id*, 9. She then described through her testimony what [Petitioner] must admit was a violent assault on her by [Petitioner]. *Id*, pp. 9-17. They were on the floor when police officers walked in. *Id*, 17.
>
> The police sprayed [Petitioner] with a chemical irritant which allowed Ms. Dilling and her children to get out of the house. *Id*, 18. When the officers confronted [Petitioner], he backed away from them and ran downstairs into the basement. *Id*, 52. A standoff ensued which included cutting the power to the home. Eventually the first responders saw flames coming out of the building. *Id*, 56-63. Fire personnel ultimately brought [Petitioner] out of the building. *Id*, 65.

(Pet.'s Br., ECF No. 2, PageID.51.)

Petitioner's constitutional challenges to his convictions do not relate to his assault of Ms. Dilling or the arson. The challenges focus solely on his conviction for first-degree home invasion. Petitioner contends that he could not commit the crime of home invasion because he had a legal right to enter the home.

The trial court spoke directly to that issue in resolving Petitioner's first motion for relief from judgment. The court stated:

> After reviewing the Preliminary Examination testimony of the victim, Ms. Dilling, this Court finds that a trier of fact could find, if her testimony is accepted as true, that Mr. Gilliard was not living in the home; all his clothes had been removed from the home; that he did not have a key to enter the home; and that he entered the home on December 26, 2006 without lawful permission.

(Pet. Ex. A, ECF No. 1-1, PageID.23.) Five years later, after an evidentiary hearing on the issue, the trial court reiterated that conclusion:

> The hearing was held on July 10, 2015 to inquire into the alleged inadequacy of the factual basis for a plea to home invasion first degree and allegations of incompetence of trial counsel in recommending such a plea to the defendant.

>This Court has, in the earlier MCR 6.500 motion, found allegations of inadequacy of the factual basis for acceptance of a plea to home invasion first degree to be without merit and sees no reason to address those again.
>
>The testimony of the [Petitioner] and the affidavit of a family member presented at the July 10, 2015 evidentiary hearing which this Court ordered does not justify a different result.
>
>This Court adopts its earlier finding and Order and denies the [Petitioner's] motion on that issue.

(Pet. Ex. F, ECF No. 1-1, PageID.35.)[3]  Critically, Petitioner does not dispute that Ms. Dilling testified as represented by the trial court.  He simply argues that other evidence in the preliminary examination record supports a contrary conclusion and that the judge presiding over his preliminary examination curtailed further exploration during Petitioner's counsel's cross-examination of Ms. Dilling.

>Petitioner raises three issues in this Court:
>
>I.  Petitioner cannot be convicted of home invasion because he had lawful permission to enter the premises.
>
>II.  The plea to home invasion first degree is not supported by the record.
>
>III.  Petitioner received ineffective assistance of counsel.

---

[3]The findings of the trial court are consistent with the findings made at the conclusion of the preliminary examination.  Petitioner's counsel objected to the bindover to circuit court with regard to the home invasion count.  The court bound Petitioner over stating:

>Now there was also testimony that he entered the premises without the permission of the victim in this case.  That she was the –living there.  He had–he had been there in the past.  And he had been allowed there in the past.  But in this case she specifically said he was not invited in.  He was not welcome.  He was not given a key.  And he had–he was not to be there and he showed up.  So the Court finds there is probable cause to believe that the defendant committed the offense of home invasion in the first degree.

(Br., ECF No. 2, PageID.66)  (citing Preliminary Examination Transcript II).

(Pet., ECF No. 1, PageID.6-9.) Petitioner has raised each issue in the trial court, the court of appeals, and the supreme court.

## Discussion

This action is governed by the Antiterrorism and Effective Death Penalty Act of 1996, PUB. L. 104-132, 110 STAT. 1214 (AEDPA). *See Penry v. Johnson*, 532 U.S. 782, 792 (2001). The AEDPA "prevents federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law. *Bell v. Cone*, 535 U.S. 685, 693-94 (2002). The AEDPA has "drastically changed" the nature of habeas review. *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001). An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d). This standard is "intentionally difficult to meet." *Woods v. Donald*, 575 U.S. __, 135 S. Ct. 1372, 1376 (2015) (internal quotation marks omitted).

A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in the Supreme Court's cases, or if it decides a case differently than the Supreme Court has done on a set of materially indistinguishable facts. *Bell*, 535 U.S. at 694 (citing *Williams*, 529 U.S. at 405-06). "To satisfy this high bar, a habeas petitioner is required to 'show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in

existing law beyond any possibility for fairminded disagreement.'" *Woods*, 2015 WL 1400852, at *3 (quoting *Harrington v. Richter*, 562 U.S. 83, 103 (2011)).  In other words, "[w]here the precise contours of the right remain unclear, state courts enjoy broad discretion in their adjudication of a prisoner's claims." *White v. Woodall*, 572 U.S. ___, 134 S. Ct. 1697, 1705 (2014) (quotations marks omitted).  The court may grant relief under the "unreasonable application" clause "if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular . . . case." *Williams*, 529 U.S. at 407.  A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411; *accord Bell*, 535 U.S. at 699.  Rather, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable."  *Id.* at 410.  "[R]elief is available under § 2254(d)(1)'s unreasonable-application clause if, and only if, it is so obvious that a clearly established rule applies to a given set of facts that there could be no 'fairminded disagreement' on the question." *White*, 134 S. Ct. at 1706-07 (quoting *Harrington*, 562 U.S. at 103).

        The AEDPA requires heightened respect for state factual findings.  *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998).  A determination of a factual issue made by a state court is presumed to be correct, and the petitioner has the burden of rebutting the presumption by clear and convincing evidence.  28 U.S.C. § 2254(e)(1); *Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003); *Bailey*, 271 F.3d at 656.  This presumption of correctness is accorded to findings of state appellate courts, as well as the trial court.  *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989).

I.      Petitioner's lawful right to enter the premises

It has long been the case that a valid guilty plea bars habeas review of most non-jurisdictional claims alleging antecedent violations of constitutional rights. *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973). In Michigan, a plea of *nolo contendere* has essentially the same effect on the criminal prosecution as does a plea of guilty:

> Since a plea of *nolo contendere* indicates that a defendant does not wish to contest his factual guilt, any claims or defenses which relate to the issue of factual guilt are waived by such a plea. Claims or defenses that challenge a state's capacity or ability to prove defendant's factual guilt become irrelevant upon, and are subsumed by, a plea of *nolo contendere*. Hence, we hold that a plea of *nolo contendere* has the same effect upon a defendant's ability to raise an issue on appeal as does a plea of guilty. Only those defenses which challenge the very authority of the state to prosecute a defendant may be raised on appeal after entry of a plea of *nolo contendere*.

*People v. New*, 398 N.W.2d 358, 363 (Mich. 1986) (footnotes omitted). Thus, a plea of *nolo contendere* waives a claim that the evidence of guilt is insufficient in the same way that a plea of guilty does. *See Post v. Bradshaw*, 621 F.3d 406, 426-27 (6th Cir. 2010) (stating that, "[b]y pleading no contest, Post waived any objection to the sufficiency of the evidence"); *United States v. Freed*, 688 F.2d 24, 25-26 (6th Cir. 1982) (stating that, "[l]ike a plea of guilty, a plea of nolo contendere constitutes a waiver of all so-called 'non-jurisdictional defects' or, more accurately, any claims not logically inconsistent with the issue of factual guilt, as well as the right to contest the factual merits of the charges against him"). Accordingly, Petitioner has waived any challenge to the sufficiency of the evidence with respect the convictions to which he pleaded *nolo contendere*.

II.      The plea is unsupported on the record

Petitioner's argument that his plea was unsupported by the record is, in essence, a restatement of his sufficiency claim, yet it fails for an additional reason. The only constitutional

challenge that a habeas court may entertain with regard to a plea of guilty is that the plea was not entered in a knowing and voluntary fashion under the standards set forth in *Boykin v. Alabama*, 395 U.S. 238 (1969). While courts may consider whether a factual basis for a plea exists in their assessments of its validity, it has generally been held that the Constitution does not require that they ensure such a basis exists. *See Higgason v. Clark,* 984 F.2d 203, 208 (7th Cir. 1993) (quoting *North Carolina v. Alford*, 400 U.S. 25, 31 (1970)) ("'Strong evidence of guilt' may suffice to sustain a conviction on an *Alford* plea, and may be essential under FED. R. CRIM. P. 11, but it is not necessary to comply with the Constitution."); *see also Post,* 621 F.3d at 427 (citing *United States v. Tunning,* 69 F.3d 107, 111 (6th Cir.1995) ("The requirement that a sentencing court must satisfy itself that a sufficient factual basis supports the guilty plea is not a requirement of the Constitution"); *Matthew v. Johnson*, 201 F.3d 353, 365 (5th Cir. 2000); *Wallace v. Turner*, 695 F.2d 545, 548 (11th Cir. 1983); *Thundershield v. Solem*, 565 F.2d 1018 (8th Cir. 1977); *Edwards v. Garrison*, 529 F.2d 1374, 1376 (4th Cir. 1975); *Roddy v. Black*, 516 F.2d 1380, 1385 (6th Cir. 1975); *Freeman v. Page*, 443 F.2d 493, 497 (10th Cir. 1971). Thus, Petitioner's argument that for "a plea . . . [to] be knowingly, intelligently and voluntarily made . . . the record must establish an adequate factual basis to support the charge[,]" is incorrect. (Br., ECF No. 2, PageID.66.)

A habeas court is restricted to these federal principles, and may not grant habeas relief on the basis of state law governing the taking or withdrawal of guilty pleas. *Riggins v. McMackin*, 935 F.2d 790, 794-95 (6th Cir. 1991). Consequently, the question whether petitioner should have

been allowed in the court's discretion to withdraw his guilty plea under state-court rules is not reviewable in habeas corpus.[4]

### III. Ineffective assistance of counsel

In *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984), the Supreme Court established a two-prong test by which to evaluate claims of ineffective assistance of counsel. To establish a claim of ineffective assistance of counsel, the petitioner must prove: (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome. A court considering a claim of ineffective assistance must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. The defendant bears the burden of overcoming the presumption that the challenged action might be considered sound trial strategy. *Id.* (citing *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)); *see also Nagi v. United States*, 90 F.3d 130, 135 (6th Cir. 1996) (holding that counsel's strategic decisions were hard to attack). The court must determine whether, in light of the circumstances as they existed at the time of counsel's actions, "the identified acts or omissions were outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. Even if a court determines that counsel's performance was outside that range, the defendant is not entitled to relief if counsel's error had no effect on the judgment. *Id.* at 691.

---

[4]Moreover, the state court considered and rejected Petitioner's claim that the record did not support his *nolo contendere* plea. It is not the province of a federal habeas court to re-examine state-law determinations on state-law questions. *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). The decision of the state courts on a state-law issue is binding on a federal court. *See Wainwright v. Goode*, 464 U.S. 78, 84 (1983). The Sixth Circuit repeatedly has recognized "'that a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus.'" *Stumpf v. Robinson*, 722 F.3d 739, 746 n.6 (6th Cir. 2013) (quoting *Bradshaw*, 546 U.S. at 76).

Moreover, as the Supreme Court repeatedly has recognized, when a federal court reviews a state court's application of *Strickland* under § 2254(d), the deferential standard of *Strickland* is "doubly" deferential. *Harrington v. Richter*, 562 U.S. 86, 105 (2011) (citing *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009)); *see also Burt v. Titlow*, 134 S. Ct. 10, 13 (2013); *Cullen v. Pinholster*, 131 S. Ct. 1388, 1403 (2011); *Premo v. Moore*, 562 U.S. 115, 122 (2011). In those circumstances, the question before the habeas court is "whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id.*; *Jackson v. Houk*, 687 F.3d 723, 740-41 (6th Cir. 2012) (stating that the "Supreme Court has recently again underlined the difficulty of prevailing on a *Strickland* claim in the context of habeas and AEDPA . . . .") (citing *Harrington*, 562 U.S. at 102).

Claims about the deprivation of constitutional rights that occur before the entry of a guilty (or *nolo contendere*) plea are foreclosed by that plea. *See United States v. Broce*, 488 U.S. 563, 569 (1989); *Tollett*, 411 U.S. at 267. As the United States Supreme Court has explained,

> a guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within [constitutional standards].

*Tollett*, 411 U.S. at 267. Consequently, a knowing and voluntary guilty plea waives all nonjurisdictional defects in the proceedings, including a claim of ineffective assistance of counsel that does not relate to the voluntariness of the plea*. See Rice v. Olson*, No. 16-1125, 2016 WL 3877866, at *2 (6th Cir. Jul. 15, 2016) (citing *United States v. Stiger*, 20 F. App'x 307, 308–09 (6th Cir. 2001)).

Petitioner's claims of ineffective assistance all relate to the home invasion conviction. They are all premised on Petitioner's erroneous assumption that there was insufficient evidence to demonstrate that he entered Ms. Dilling's home "without permission." Petitioner points to record evidence that he had permission to enter the home. Such a focus turns the sufficiency standard on its head. Sufficiency of the evidence is governed by the standard set forth by the Supreme Court in *Jackson v. Virginia*, 443 U.S. 307, 319 (1979), which is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." No matter what quantum of evidence Petitioner submits showing that he had permission to enter, he does not deny that Ms. Dilling testified at the preliminary examination that as of December 26, 2006, he did not have permission to enter. That testimony, if believed, would be sufficient to support a finding that Petitioner entered without permission. It is against that backdrop that Petitioner's arguments regarding ineffective assistance must be viewed.

The trial court rejected Petitioner's claim of ineffective assistance:

[T]his Court [is not] satisfied that the evidence concerning allegations of incompetence of counsel entitles the defendant to relief.

The only testimony presented at the July 10th hearing concerning these allegations is that of the defendant. . . . This Court has reviewed the defendant's testimony concerning trial counsel's representation.

It is wrong in one important aspect.

The defendant testified that he and trial counsel discussed his claim that he resided at the residence in question in the home invasion charge; that he had lived there and that he had possessions there. He testified that he and his trial counsel discussed the filing of a motion to quash the Information concerning that count but that his trial counsel never did so and that he never agreed with trial counsel that such a motion not be filed.

> The file and the record, however, show that trial counsel did file a motion to quash the Information on that count on the very issue the defendant complains about--that the evidence at the preliminary examination was inadequate to establish probable cause that the defendant could have entered the residence without permission.
>
> That motion was filed on August 20, 2007 accompanied with a detailed brief on the issue citing appellate authority in support of trial counsel's argument. Having reviewed that brief, this Court does not find it deficient in any respect. The argument, supported by appropriate citations, is well within the standard required for competent representation.
>
> The motion was heard by the Circuit Court on August 20, 2007, denied, and an Order denying the motion was entered by the Court on September 6, 2007.
>
> Having attempted to obtain dismissal of that count, and having been denied that relief by the Circuit Court, trial counsel was left with going to trial on an Information which included that count as well as additional counts of assault to murder and arson, all of which included allegations that the defendant was a fourth felony offender.
>
> Given the charges facing the defendant at the time, trial counsel's negotiation of a plea agreement which obtained the dismissal of the capital offense of assault with intent to murder cannot be said to be incompetent representation in any way.
>
> Reviewing the totality of trial counsel's representation throughout the case, this Court does not find that it fell below the appropriate standard required of trial counsel.

(Op. and Order, Pet. Ex. F, ECF No. 1-1, PageID.35-36.) Certain aspects of the claim of ineffective assistance Petitioner raised in the trial court are antecedent violations that do not relate to the voluntariness of his plea, e.g., counsel's purported failure to move to quash the information, and therefore, were waived by Petitioner's plea. *See Stiger*, 20 F. App'x at 308-09; *see also Parisi v. United States*, 529 F.3d 134, 138-39 (2d Cir. 2008) (claims of ineffective assistance with respect to matters preceding the plea agreement are waived by a guilty plea); *Wilson v. United States*, 962 F.2d 996, 997 (11th Cir. 1992) (guilty plea waives claims concerning pre-plea ineffective assistance of counsel); *United States v. Bohn*, 956 F.2d 208, 209 (9th Cir. 1992) (pre-plea ineffective assistance of counsel claims are waived).

But, Petitioner's arguments that his counsel failed to appropriately advise plaintiff as to the merits of the prosecution's case with regard to the "without permission" requirement or that Petitioner's counsel advised him to take an inappropriate deal, are not foreclosed by his plea. They are simply not sustainable on the record.

In determining whether Petitioner's counsel's representation met the appropriate standard required of trial counsel, the trial court evaluated Petitioner's ineffective assistance claims consistently with the first prong of the *Strickland* analysis. Thus, Petitioner cannot prevail on a claim that the decision is contrary to clearly established federal law. Moreover, the trial court applied the standard reasonably. The record discloses:

1. The trial court had denied Petitioner's motion to quash, concluding that there was sufficient evidence to go forward on the home invasion count.

2. The victim's testimony, if believed, would be sufficient to sustain a conviction on the home invasion count.

3. Counsel succeeded in negotiating the dismissal of the capital offense of assault with intent to murder in exchange for Petitioner's plea.

Under those circumstances, the trial court's conclusion that advising Petitioner to take the plea falls within the wide range of professionally competent assistance is not unreasonable. Petitioner has failed to meet his burden with regard to the ineffective assistance of counsel claim and, therefore, is not entitled to habeas relief.

## Conclusion

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 because it fails to raise a meritorious federal claim.

**Certificate of Appealability**

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists

would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

A Judgment and Order consistent with this Opinion will be entered.

Dated:   February 17, 2017             /s/ Paul L. Maloney
                                       Paul L. Maloney
                                       United States District Judge